[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JULY 14, 1997
The plaintiff, Linett Bonitto, commenced this action to recover damages for injuries allegedly sustained in a motor vehicle accident on May 8, 1996. in Greenwich, Connecticut. The plaintiff claims that she suffered severe and permanent injuries when her automobile was struck by a truck owned by defendant Ginnetti Trucking, Inc. (Ginnetti) and operated by defendant Rodney Oppel. According to the plaintiff's complaint, defendant Oppel was operating the Ginnetti vehicle in the course of his employment and as an agent and employee of defendant Chemical Leaman Tank Lines. Inc. (Leaman).
In the first count of the amended complaint, the plaintiff alleges that her injuries were caused by the negligent operation of the Ginnetti vehicle by defendant Oppel. In the second count, the plaintiff alleges that Oppel operated the vehicle owned by Ginnetti with reckless disregard for the safety, health and well being of persons such as the plaintiff in violation of General Statutes §§ 14-218a and 14-222, and that such reckless disregard was a substantial factor in causing the plaintiffs injuries. In the third and final count, the plaintiff alleges that her injuries were caused by the negligence of defendant Leaman, Oppel's employer, in that Leaman failed to properly train Oppel to operate the vehicle and allowed Oppel to operate a company vehicle when it knew or should have known that Oppel was unfit to operate the vehicle. In her prayer for relief, the plaintiff seeks compensatory damages and double or treble damages pursuant to General Statutes § 14-295.
On February 21, 1997.,. the defendants filed a motion to strike (# 102) the second and third counts of the plaintiffs complaint, as well as the prayer for relief, to the extent that the plaintiff sought to recover double or treble damages pursuant to § 14-295. After the motion to strike was filed, the plaintiff filed an amended complaint in which she addressed the issues raised by the defendants' motion as to whether the plaintiff had alleged facts sufficient to support a claim for double or treble damages under § 14-295. The parties agree that the only remaining issue raised by the motion to strike is whether Leaman, as Oppel's employer, and Ginnetti, as the owner of the vehicle involved in the accident, may be held liable for double or treble damages pursuant to § 14-295 based on the conduct of Oppel. In support of their motion, the defendants submitted a memorandum of law. The plaintiff filed an objection and an opposing memorandum on March 19, 1997. CT Page 3104
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citation omitted; internal quotation marks omitted.) Waters v. Autuori 236 Conn. 820. 825 26, 676 A.2d 357 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendants argue that the plaintiffs claims for double or treble damages against Ginnetti and Leaman are legally insufficient because double or treble damages under General Statutes § 14-295 may not be vicariously imposed. According to the defendants, there is no liability for punitive or exemplary damages at common law and General Statutes § 52-183
provides no support for the proposition that multiple damages may be imputed to an employer or the owner of a motor vehicle. Therefore, the defendants argue that their motion to strike should be granted.
In her opposing memorandum, the plaintiff argues that an owner-employer can be held liable for double or treble damages by virtue of General Statutes §§ 14-295 and 52-183. Although there is a split of authority at the trial court level as to whether a plaintiff can recover double or treble damages against the owner of motor vehicle based on the conduct of the operator, the plaintiff urges this court to follow the decisions allowing such recovery on the ground that it is sound public policy to do so.
At common law there was no vicarious liability for exemplary or punitive damages. Maisenbacker v. Society Concordia,71 Conn. 369, 379, 42 A. 67 (1899). There is a split of authority among the Superior Courts, however, as to whether the owner of a motor vehicle or the operator's employer can be held liable for double or treble damages under § 14-295 based on the conduct of the employee/operator. In the cases allowing claims for double or treble damages, the courts have determined either that the language of § 52-183[1] raises a presumption that the owner is liable for the reckless operation of the vehicle by its operator, or that the court's interpretation of the liability of lessors under General Statutes § 15-154a in Gionfriddo v.Avis Rent A Car System, Inc., 192 Conn. 280, 288-89, 472 A.2d 306
CT Page 3105 (1984), is analogous to situations involving the liability of owners of motor vehicles. See Tudhope v. J.P. Jarjura Sons,
Superior Court, judicial district of Waterbury at Waterbury, Docket No 098459 (July 23, 1992) (Langenbach, J.) (7 CONN. L RPTR. 132) (denying motion to strike plaintiff's claim against employer-owner for double or treble damages under § 14-295). In the second line of cases, where such claims have not been permitted, the courts have distinguished Gionfriddo in that the language in § 14 154a specifically imposes liability on the lessor "to the same extent as the operator," while §§ 14-295
and 52-183 do not contain such language. See Hamilton v. Zarrelli
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145033 (October 27, 1995) (D'Andrea, J.) (1 Conn. Ops. 1258) (granting motion to strike plaintiff's claim against employer for punitive damages pursuant to §§ 14-295
and 52-183). In this court's opinion the better reasoned approach is to allow claims for double or treble damages under § 14-295
against the owner of a motor vehicle or the operator's employer whenever such damages are properly assessed against the operator.
In Gionfriddo v. Avis Rent A Car System, Inc., supra,192 Conn. 285-89, the court held that because § 14 154a makes the owners and lessors of a motor vehicle liable "to the same extent as the operator, " the ownerlessor can be held liable for treble damages under § 14-295 "whenever treble damages are properly assessed against the operator." In reaching its decision the court stated that "[t]he legislature has determined that the owner or the lessor of a motor vehicle shall be liable `to the same extent as the operator . . .'" Id., 287. In addition, the court noted that "§ 14-154a covers both owners and lessors. We have been able to discern no reason of policy . . . to distinguish between the liability of owners and lessors." Id.,
288 n. 4.
Relying in part on the above language in Gionfriddo. the court in Tudhope v. J.P. Jarjura Sons, supra.7 CONN. L. RPTR. 132-33, concluded that the owner of a motor vehicle driven by an employee can be held liable under § 14-295 for double or treble damages arising out of an accident caused by the employee. In addition, the court stated that § 52-183 "[raises] the presumption of such owner's liability for reckless operation." (Internal quotation marks omitted.) Id., 132. The defendant employer's motion to strike the plaintiff's claim for double or treble damages was therefore denied. CT Page 3106
In the present case, the defendants, as the owner of the vehicle and the operator's employer, may be held liable under § 14-295 for double or treble damages arising out of an accident caused by the operator/employee. "A fortiori, if it is not unfair to apply § 14-295 to owner-lessors, it is not unfair to apply the statute to the defendant-owner here."Knowling v. Severns, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 311246 (January 9, 1987) (Noren, J.) (2 CSCR 235). Accordingly, the defendants' motion to strike the plaintiffs claims for double or treble damages is denied.
Karazin, J.